UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD B.,<br>            Plaintiff,<br>v.<br>MARTIN J. O'MALLEY,<br>            Defendant. | Case No. 23-cv-05010-DMR<br><br>**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 13, 18 |

Plaintiff Lloyd B. moves for summary judgment to reverse the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision, which found Plaintiff not disabled and therefore denied his application for benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. Plaintiff's requested remedy is a remand for award of benefits. [Docket No. 13 (Pl.'s Mot.).] The Commissioner concedes that the final administrative decision must be reversed, but moves the court to remand for further proceedings, not for an award of benefits. [Docket No. 18 (Def.'s Mot.).] For the reasons stated below, the court GRANTS Plaintiff's motion for summary judgment and request for a remand for award of benefits and DENIES the Commissioner's motion for a remand for further proceedings.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

     **A.     Plaintiff's Application and the ALJ's Prior Decision**

Plaintiff filed an application for Social Security Disability Insurance ("SSDI") benefits on January 29, 2016, alleging a disability onset date of April 9, 2012. Administrative Record ("A.R.") 172-75. The application was initially denied on September 1, 2016 and again on reconsideration on November 17, 2016. A.R. 108-11, 113-17. An Administrative Law Judge ("ALJ") held a hearing on January 5, 2018 and issued an unfavorable decision on October 17, 2018. A.R. 12-29. The ALJ determined that Plaintiff has the following severe impairments:

tinnitus of both ears; multiple pelvic fractures; mild degenerative joint disease of the left hip with osteophytosis; degenerative joint disease of the right hip with joint space narrowing osteophytosis; mild degenerative changes of the lumbar spine, including mild L4-L5 borderline L3-L4 level central stenosis; mild degeneration of the thoracic spine; and mild to severe conductive hearing loss, worse in the right than left.  A.R. 17.  The ALJ found that Plaintiff retains the following residual functional capacity (RFC):

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) except the individual is able to frequently lift/carry 10 pounds and occasionally lift/carry 20 pounds; sit for up to 6 hours (stand for 5 minutes after every hour of sitting during which time the person would be off task), stand or walk 2 hours in an 8-hour workday with normal breaks; the individual should never climb ladders, ropes or scaffolds; able to occasionally climb ramps/stairs; the individual can occasionally stoop, kneel, balance and rarely crawl, crouch, and kneel; and no work with dangerous machinery.

A.R. 18.  Relying on the opinion of a vocational expert ("V.E.") who testified that an individual with such an RFC could perform other jobs existing in the economy, including working as a document preparer, addresser, and stuffer, the ALJ concluded that Plaintiff is not disabled.

After the Appeals Council denied review, Plaintiff sought review in this court pursuant to 42 U.S.C. § 405(g) and the parties filed cross motions for summary judgment.  *See* Case No. 19-cv-07717-DMR, *Lloyd B. v. Saul* (N.D. Cal., filed Nov. 22, 2019).  On April 27, 2021, the undersigned granted Plaintiff's motion for summary judgment, holding that the ALJ erred in assigning only partial weight to the opinion of Dr. Eric Fulkerson, Plaintiff's treating orthopedic physician, and discounting Plaintiff's subjective pain testimony.  The court remanded the case for further administrative proceedings.  *Lloyd B. v. Saul*, No. 19-CV-07717-DMR, 2021 WL 1639874, at *5, 7 (N.D. Cal. Apr. 27, 2021).

### B.    Administrative Proceedings on Remand

Following remand, the same ALJ conducted further administrative proceedings, including a hearing on April 11, 2023 at which Plaintiff, a V.E., and a medical expert testified.  A.R. 712-64.  The ALJ issued a second unfavorable decision on July 22, 2023.  A.R. 685-711.  The ALJ determined that Plaintiff has the following severe impairments: tinnitus of both ears; multiple pelvic fractures; mild degenerative joint disease of the left hip with osteophytosis; degenerative

2

joint disease of the right hip with joint space narrowing osteophytosis; mild degenerative changes of the lumbar spine, including mild L4-L5 borderline L3-L4 level central stenosis; mild degeneration of the thoracic spine; mild impingement of the median nerve at the right carpal tunnel ligament; mild impingement of the ulnar nerve at the left cubital tunnel; primary osteoarthritis of the bilateral knees; degenerative joint disease of the knee; and a nondisplaced fracture of the sacrum predominantly involving the left sacral alae. A.R. 691.

The ALJ found that Plaintiff retains the following RFC:

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant was able to frequently lift/carry ten pounds and occasionally lift/carry twenty pounds. He could sit for up to six hours in an eight-hour workday, but would require the ability to stand for ten minutes after every hour of sitting during which time he would be off-task); and stand or walk for two-hours ) [sic] in an 8-hour workday, but only for ten minutes at a time. The claimant could not climb ladders, ropes or scaffolds; but he could occasionally climb ramps and/or stairs. Additionally, the claimant could occasionally balance and stoop, but could only rarely kneel, crawl or crouch. He was precluded from working with dangerous machinery. Lastly, the claimant could perform frequent fingering and handling bilaterally.

A.R. 692-93. Relying on the opinion of a V.E. who testified that an individual with such an RFC could perform other jobs existing in the economy, including cashier II and document preparer, the ALJ concluded that Plaintiff is not disabled. A.R. 703. Plaintiff again sought review in this court.

## II.     THE PARTIES' MOTIONS AND ISSUES FOR REVIEW

Plaintiff raises four grounds for reversal of the ALJ's decision. First, he argues that the ALJ's findings at step five were not supported by substantial evidence because the V.E. testified that there would be no work available for an individual with Plaintiff's RFP.[1] Second, he argues that the ALJ erred in discounting his credibility about the severity and frequency of his symptoms. Third, he argues that the ALJ erred with respect to third-party statements regarding his limitations. Fourth, he argues that the ALJ erred in discounting the opinions of Dr. Fulkerson, Plaintiff's treating orthopedic physician. Pl.'s Mot. 12-13. Plaintiff asks the court to remand for an

---

[1] At step five of the five-step process to determine whether a claimant is disabled, the government bears the burden of showing that the claimant could perform other work existing in significant numbers in the national economy given the claimant's RFC, age, education, and work experience. *See* 20 C.F.R. § 404.1520(a)(4)(v).

immediate award of benefits. *Id*. at 24-25.

In response, the Commissioner concedes that the ALJ erred with respect to Dr. Fulkerson's opinions. In particular, the ALJ discussed Dr. Fulkerson's opinions about Plaintiff's limitations but did not "address or explain how much weight he gave the opinion that Plaintiff could only work for four-days a week." Def.'s Mot. 3. The Commissioner contends that given the error with respect to Dr. Fulkerson's opinions, it is not clear whether "the ALJ should have included the assessed limitations in the residual functional capacity finding," and as a result, "[r]emand is required for the ALJ to explain how much weight, if any, he gives the opinions and to reassess the residual functional capacity." *Id*. at 3-4. The Commissioner does not address the other alleged errors raised by Plaintiff in his motion.

Thus, the issue for review is whether the ALJ's errors warrant remand for an immediate award of benefits or for further proceedings.

### III. DISCUSSION

As noted above, the parties agree that the ALJ erred in assessing Dr. Fulkerson's medical opinions and that this error warrants remand, although they disagree on the type of remand. The Commissioner argues that the case should be remanded for further proceedings to reassess Dr. Fulkerson's opinions, reevaluate the RFC, and determine whether there are any jobs that Plaintiff can perform. Def.'s Mot. 4. Plaintiff argues that a remand for immediate award of benefits is appropriate given the ALJ's error at step five.

"A district court may 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing,' but 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation[.]'" *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc., Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quotations omitted)). A court may only remand for benefits where it "determine[s] that the ALJ made a legal error," *Dominguez*, 808 F.3d at 407, and where it concludes that "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Beinecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citations omitted).

1        The court concludes that this case presents "rare circumstance[ ]" in which remand for

2  payment of benefits is warranted. As noted, Plaintiff argues that the ALJ erred at step five, as

3  follows: the ALJ discussed Dr. Fulkerson's September 2013 opinion that Plaintiff "would need to

4  change positions for ten minutes every hour," among other limitations. A.R. 699. The ALJ noted

5  that Dr. Fulkerson provided a "substantially similar opinion" regarding Plaintiff's limitations in

6  November 2013, "with the only difference being a limitation requiring frequent position changes

7  without specifying the length of time needed to change positions or the frequency of the

8  claimant's need to do so[.]" A.R. 699. The ALJ gave Dr. Fulkerson's 2013 opinions "partial

9  weight" but with respect to the changing positions limitation, the ALJ stated, "the undersigned has

10  included the need to change positions for ten minutes every hour in the residual functional

11  capacity." A.R. 699. The ALJ then expressly incorporated this limitation in Plaintiff's RFC:

12  Plaintiff "could sit for up to six hours in an eight-hour workday, but would require the ability to

13  stand for ten minutes after every hour of sitting during which time he would be off-task[.]" A.R.

14  692. In other words, the ALJ expressly adopted the limitation assessed by Dr. Fulkerson

15  regarding Plaintiff's need to change positions frequently; moreover, the ALJ concluded that

16  Plaintiff would be off-task while changing positions.

17       At the April 11, 2023 hearing, the ALJ posed a hypothetical to the V.E. regarding an

18  individual with Plaintiff's age, education, and work experience who is able to perform sedentary

19  work with additional limitations. A.R. 756-57. The ALJ testified that such an individual could

20  perform the jobs of cashier II and document specialist. A.R. 757-58. However, the V.E. testified

21  that there would be no jobs for such an individual if "the individual would be off task during [the]

22  ten minutes of changing positions," a limitation that the ALJ expressly included in the RFP. A.R.

23  758-59 (Q: "I mean, sitting for an hour and have to stand for ten minutes, there would be a ten

24  minute off task situation there . . . would those other two jobs or any jobs be available for the

25  hypothetical individual?" A: "No, Your Honor."). The V.E. explained that "[t]hese jobs only

26  allow for six minutes off task behavior so, for that reason, there are no jobs available under this

27  hypothetical." A.R. 759. Therefore, the ALJ erred at step five in concluding that Plaintiff could

28  perform other work that exists in significant numbers in the national economy.

United States District Court
Northern District of California

1   The Commissioner does not respond to this argument in his motion and thus concedes it. Accordingly, it is undisputed that the ALJ has already determined that Plaintiff has a limitation of being off-task for ten minutes while changing positions after every hour of sitting and that such a limitation would preclude all work. Further administrative proceedings regarding Dr. Fulkerson's opinions, as the Commissioner requests, would serve no useful purpose. The only thing further proceedings would allow would be an opportunity for the ALJ to change his original determination and find reasons *not* to adopt the changing positions/off task limitation in the RFC in order to find that Plaintiff is not disabled. This is not a valid reason for further proceedings. As the record has been fully developed, the court exercises its discretion to remand for an award of benefits.

## IV. CONCLUSION

For the foregoing reasons, the court grants Plaintiff's motion for summary judgment, denies the Commissioner's motion for remand for further proceedings, and remands this case for an immediate award of benefits.

**IT IS SO ORDERED.**

Dated: October 22, 2024



Donna M. Ryu
Chief Magistrate Judge