UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD BRENN,<br><br>        Plaintiff,<br><br>    v.<br><br>MARTIN J. O'MALLEY,<br><br>        Defendant. | Case No. 23-cv-05010-DMR<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 28 |

Plaintiff Lloyd Brenn filed a complaint seeking to reverse the Commissioner of the Social Security Administration's administrative decision to deny his application for benefits under the Social Security Act, 42 U.S.C. § 401 *et seq*. The court granted Plaintiff's motion for summary judgment and request for remand for award of benefits and denied the Commissioner's request to remand for further proceedings. [Docket No. 24.] Plaintiff's counsel, Katherine R. Siegfried, now moves for an award of attorneys' fees under 42 U.S.C. § 406(b). [Docket No. 28 (Mot.).]

The court finds this matter suitable for disposition without oral argument. Civ. L.R. 7-1(b). For the following reasons, the court grants the motion.

**I.   BACKGROUND**

On January 5, 2028, the Social Security Administration ("SSA") found that Plaintiff was not disabled. The Appeals Council denied review, and Plaintiff appealed to this court. *See Brenn v. Saul*, Case No. 19-cv-07717-DMR (N.D. Cal.) ("*Brenn I*"). The court granted Plaintiff's motion for summary judgment, and remanded the case for further administrative proceedings. *Id.*, Docket No. 19.

On remand, the SSA again found that Plaintiff was not disabled. Plaintiff filed the instant action, seeking review of that decision. The court granted Plaintiff's summary motion and remanded the action for an immediate award of benefits. [Docket No. 24.] The SSA awarded Plaintiff

$174,914 in past-due benefits. [Docket No. 28-6.]

The retainer agreement between Plaintiff and Siegfried provides that attorneys' fees shall be the lesser of 25% of any past-due benefits award or "the dollar amount established pursuant to 42 U.S.C. § 406(a)(2)(A)[.]" [Docket No. 28-5.] Siegfried seeks $43,728.50 in attorneys' fees, which is 25% of the award. Mot. at 1; Docket No. 28-2 (Siegfried Decl.) ¶ 7. From this, Plaintiff will be refunded $21,750 for Equal Access to Justice Act ("EAJA") fees this court approved on December 18, 2024. [Docket No. 27.] The net fee to Siegfried is thus $21,978.50.

Plaintiff submitted a declaration in support of Siegfried's motion. [Docket No. 28-4.] Plaintiff states that he has reviewed a copy of the motion, and that he "agree[s] wholeheartedly that she should be paid the $43,728.50 in attorney's fees that she is requesting." *Id.* ¶¶ 7-8. The Commissioner neither supports nor opposes Siegfried's motion. [Docket No. 29.]

## II. LEGAL STANDARD

Under the Social Security Act, an attorney who successfully represents a claimant before a court may seek an award of attorneys' fees not to exceed 25% of any past-due benefits eventually awarded. 42 U.S.C. § 406(b). While contingency fee agreements are permissible in Social Security cases, section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In deciding whether a fee agreement is reasonable, courts must consider "the character of the representation and the results the representative achieved." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808). The court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* While a court may consider an attorney's lodestar in deciding whether an award of fees under § 406(b) is reasonable, "a lodestar analysis should be used only as an aid (and not a baseline) in assessing the reasonableness of the fee." *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016).

An award of fees under § 406(b) must be offset by any award of fees under the EAJA. *Gisbrecht*, 535 U.S. at 796.

**III. DISCUSSION**

Siegfried spent a total of 104.6 hours litigating this case and *Brenn I*. Siegfried Decl. ¶ 5; Docket No. 28-3. Of those 104.6 hours, 49.6 were spent on the instant action; the remaining 55 hours were spent on *Brenn I*. [Docket No. 28-3 at 2, 4.] Granting Siegfried's request for $43,728.50 in fees amounts to an effective hourly rate of $418.05 per hour.[1]

Having reviewed the record and arguments, the court finds Siegfried's requested fees are reasonable. First, the requested fee amount does not exceed the statutory maximum of 25%. The hours counsel expended also appear to be reasonable. *See* Docket No. 28-3; *Harrington v. Saul*, No. 20-CV-04148-PJH, 2022 WL 3017519, at *2 (N.D. Cal. July 29, 2022) ("It is not unusual for an attorney to bill over 50 hours for social security matters of this nature that involve a voluminous record.") (collecting cases).

Second, *Gisbrecht* and *Crawford* make clear that lodestar methodology should not drive fee awards under § 406(b). This is because "the lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Crawford*, 586 F.3d at 1149; *see also Gisbrecht*, 535 U.S. at 806 (emphasizing that the lodestar calculation is intended to govern in fee-shifting cases, not fee awards under § 406(b)). Indeed, after *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (Infante, J.).

---

[1] The court calculates the effective hourly rate based on the requested fee award under § 406(b) without first deducting the EAJA fee award that will be refunded to Plaintiff. This is because § 406 establishes the "exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht*, 535 U.S. at 795-96. While attorney may receive fee awards under both EAJA and § 406(b), because § 406(b) fees are exclusive, the attorney must refund to the claimant the smaller of the fee awards. *Id.* at 796. In other words, the fee awards under those statutes are independent of each other and the court must determine whether the total § 406(b) award is itself reasonable. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) ("[A]n award under § 406(b) compensates an attorney for all the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." (emphasis added)); *see also Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (calculating the effective hourly rate before deducting the EAJA award).

3

Third, the $418.05 effective hourly rate sought here is equal to or lower than fees other courts have awarded under § 406(b). *See, e.g.*, *S.R. v. Kijakazi*, No. 22-CV-00516-JCS, 2024 WL 2868511, at *2 (N.D. Cal. June 5, 2024) ("The Court further finds that the effective rate of $623.98/hour is within the range of what courts have approved in recent years.") (collecting cases); *Ainsworth*, 2020 WL 6149710, at *2 (finding an effective hourly rate of $1,325.34 reasonable); *Ciletti v. Berryhill*, No. 17-CV-05646-EMC, 2019 WL 144584, at *2 (N.D. Cal. Jan. 9, 2019) ("The requested hourly rate of $420.93 in this case is reasonable given the circumstances.").

Finally, nothing in the record suggests that Siegfried provided substandard representation. Siegfried achieved a substantial award of past-due benefits for her client, and as noted, no party objected to the fee request.

In light of the above considerations, the requested fee award is "not excessively large in relation to the benefits achieved." *Crawford*, 586 F.3d at 1151.

### IV. CONCLUSION

For the reasons stated above, the motion for attorneys' fees is granted. The court awards fees in the amount of $43,728.50. Siegfried shall refund Plaintiff the $21,750 previously awarded under the EAJA.

**IT IS SO ORDERED.**

Dated: August 21, 2025

_____
Donna M. Ryu
Chief Magistrate Judge